UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

RAYMOND WRIGHT,                          :

                    Plaintiff,           :

          - against -                    :

ARTHUR ZABARKES, WATERSIDE               :
PLAZA LLC, and BELKIN BURDEN
WENIG & GOLDMAN, L.L.P.,                  :

                    Defendants.          :

- - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/2/2008
```

**MEMORANDUM DECISION**

07 Civ. 7913 (DC)

**APPEARANCES:**     RAYMOND WRIGHT, Pro Se Plaintiff
                    10 Waterside Plaza #6H
                    New York, New York  10010

                    BELKIN BURDEN WENIG & GOLDMAN, L.L.P.
                    Attorneys for Defendants
                         By:  Jeffrey L. Goldman, Esq.
                    270 Madison Avenue
                    New York, New York  10016

**CHIN, District Judge**

          Pro se plaintiff Raymond Wright sues defendants Arthur
Zabarkes, Waterside Plaza LLC (the "WPLLC"), and Belkin Burden
Wenig & Goldman, L.L.P. ("Belkin Burden") for violations of the
Fair Credit Reporting Act (the "FCRA") and the Fair Debt
Collection Practices Act (the "FDCPA"), and infringement of his
First Amendment and due process rights.  Wright also seeks
declaratory judgment that his rent is not due on the first of
each month under the terms of his lease with WPLLC.  For the
reasons that follow, and plaintiff having been given an
opportunity to be heard, the complaint is dismissed, sua sponte.

**BACKGROUND**

A.   **Facts**

As alleged in the complaint, the facts are as follows:

Wright is a tenant at Waterside Plaza in New York, New York.  The WPLLC owns Waterside Plaza, which receives subsidies under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f.  (Compl. ¶¶ 2.1, 2.2).  Zabarkes is the "manager" of Waterside Plaza (id. ¶ 2.1), and Belkin Burden "functions as a collection agency, law office and public-relations firm for WPLLC" (id. ¶ 2.3).

This case concerns the WPLLC's attempts to collect its April 2006 rent from Wright.  According to the terms of Wright's lease, he "must pay the Owner the rent in advance, on the first day of each month," but a $50 late payment fee is charged only if rent is received after the tenth day of each month.  (Id. Ex. E). Wright, however, alleges that "¶ 51 § 1 of the lease necessarily exempts [him] . . . from having to pay rent on 'the 1st'" because the utility bill, which comprises part of the rent, is issued after the first of each month.  (Id. ¶ 19).  Wright accordingly mailed his April 2006 rent check "no later than the 6th or 7th of the month as customary."  (Id. ¶ 14).  Wright's payment history file in the WPLLC's computer system indicates that the check was processed on April 12, 2006.  (Id. Ex. D).

After Wright had mailed his rent, but before the WPLLC processed the check, the WPLLC sent a rent demand letter dated April 11, 2006 for "[t]he sum of $777.28 for rent from April 1,

2006 through April 30, 2008." (Id. Ex. B).  The letter was signed by Zabarkes, and the title "Attorney-in-Fact" appears next to his name.  (Id.).  On April 13, 2006 -- one day after the WPLLC had processed Wright's rent check -- Belkin Burden mailed a "Notice Pursuant to 15 USCS § 1692g" ("validation notice") informing Wright of his right to dispute the debt within thirty days.  (Id. Ex. C).

Wright believes that defendants' aggressive and unnecessary efforts in demanding the April 2006 rent is part of their overall plan to "use [] the media and the courts to harass tenants" in rent-regulated apartment units and, ultimately, to evict them.  (Id. ¶ 21).  Wright asserts that, in addition to mailing letters invoking the legal authority of an attorney, Zabarkes "pursued a P[ublic] R[elations] campaign against tenants."  (Id. ¶ 21.1).  Wright refers to several articles in newspapers and journals that have profiled Zabarkes as a proponent of rent deregulation.  (Id. ¶¶ 21, 21.2, 20-21 nn.3-5).

## B.  Procedural History

Wright commenced this suit on September 7, 2007, asserting six causes of action for violations of the FCRA, the FDCPA, the First Amendment, and due process (first, second, fifth and sixth causes of action); and for declaratory judgment (third and fourth causes of action).

Seeking to file a motion to dismiss, defendants requested a pre-motion conference.  I held a conference in this case and a related case, Wright v. Waterside Plaza LLC, 07 Civ.

-3-

9303, on November 19, 2007.  At the conference, which was held on
the record, I directed Wright to submit a letter stating his
reasons why the Court should not dismiss the two complaints for
failure to state a cause of action.  Wright subsequently
submitted a letter, which was filed on December 19, 2007,
"restating [the] grounds" for the claims pursued in this case.
He submitted another letter, which was received by this Court on
January 8, 2008.

## DISCUSSION

### A.    The FCRA Claim

Wright brings a claim under FCRA § 1681i, which
requires consumer reporting agencies to follow certain procedures
when a consumer disputes any information contained in a consumer
report.  15 U.S.C. § 1681i.  Wright's claim rests on two
theories:  (1) the WPLLC and Belkin Burden function "'like' a
consumer reporting agency," and (2) the rent demand letter sent
by the WPLLC and validation notice sent by Belkin Burden are
"comparable to a consumer report" that "damages [his] credit
profile."  (Compl. ¶¶ 9-9.7, 20.3).  Both arguments are rejected.

First, neither the WPLLC nor Belkin Burden is a
consumer reporting agency.  As defined in § 1681a(f), a "consumer
reporting agency" is:

> [A]ny person which, for monetary fees, dues,
> or on a cooperative nonprofit basis,
> regularly engages in whole or in part in the
> practice of assembling or evaluating consumer
> credit information or other information on
> consumers for the purpose of furnishing
> consumer reports to third parties, and which

-4-

> uses any means or facility of interstate
> commerce for the purpose of preparing or
> furnishing consumer reports.

15 U.S.C. § 1681a(f).  Wright does not allege that the WPLLC and

Belkin Burden meet the definitional requirements to qualify as a

consumer reporting agency, but merely asserts that the WPLLC and

Belkin Burden "are subject to FCRA regulations since they

maintain a 'non-payment' file."  (Compl. ¶ 9).  But possessing

information about a tenant's payment history -- information that

is kept in a landlord or law firm's internal files -- does not

fall within the statutory definition of "assembling or evaluating

consumer credit information" for the purpose of furnishing such

information to others.

        Second, the rent demand letter and validation notice

are not consumer reports as defined by the FCRA.  According to §

1681a(d)(1), a "consumer report" is:

> [A]ny written, oral, or other communication
> of any information by a consumer reporting
> agency bearing on a consumer's credit
> worthiness, credit standing, credit capacity,
> character, general reputation, personal
> characteristics, or mode of living which is
> used or expected to be used or collected in
> whole or in part for the purpose of serving
> as a factor in establishing the consumer's
> eligibility for --
>
> (A) credit or insurance to be used primarily
> for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under
> section 1681b of this title.

§ 1681a(d)(1).  The complaint does not allege that the letters

sent by defendants were used for any of the purposes listed in §

1681a(d)(1) or § 1681b that would qualify correspondence as a "consumer report."  Moreover, by definition, a consumer report is created only by a consumer reporting agency.  Id.  As discussed above, neither the WPLLC nor Belkin Burden is a consumer reporting agency; thus, they cannot create consumer reports. Hence, the letters they mailed to Wright are not consumer reports within the meaning of the FCRA as a matter of law.

Accordingly, the FCRA claim is dismissed.

**B.    The FDCPA Claim**

Wright alleges that defendants violated FDCPA § 809(a), 15 U.S.C. § 1692g(a), when the WPLLC issued a rent demand letter and Belkin Burden mailed a validation notice after he had already paid his April 2006 rent.  He asserts that the letters amounted to "false and misleading representations" and "harassment or abuse" in violation of the FDCPA.  (Compl. ¶¶ 10-11.10).

Even assuming that Wright has a valid claim under the FDCPA, the claim is time-barred.  An action under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k.  The acts constituting the alleged violations of the FDCPA, i.e., the mailing of the rent demand letter and validation notice, occurred in April 2006.  Wright filed the instant action on September 7, 2007 -- well beyond the FDCPA's one-year statute of limitations.  The FDCPA claim is accordingly dismissed as untimely.

C.    **The § 1983 Claims**

Wright alleges that defendants WPLLC and Zabarkes violated his First Amendment and due process rights under the U.S. Constitution.  He alleges that Zabarkes, on behalf of the WPLLC, used the media "to suppress hearings of tenant cases," which violated "his first amendment rights to petition for redress of grievance."  (Id. ¶¶ 21-21.5).  Wright also asserts that Zabarkes and the WPLLC abused the title "attorney in fact" in the rent demand letter by "camouflaging a debt collector as an attorney," which violates "due process of law."  (Id. ¶ 22).

The Supreme Court, however, has long held that the Constitution applies only to actions by governments and their agents; private conduct generally is not regulated by the Constitution.  See, e.g., Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619 (1991) ("The Constitution's protections of individual liberty . . . apply in general only to action by the government.").  The Due Process Clause of the Fourteenth Amendment made most provisions of the Bill of Rights, including the First Amendment, applicable to state and local governments, but not to private actors.  See, e.g., Cantwell v. Connecticut, 310 U.S. 296, 303 ("The fundamental concept of liberty embodied in [the Fourteenth] Amendment embraces the liberties guaranteed by the First Amendment.").  Additionally, 42 U.S.C. § 1983 created liability against individuals who violate the Constitution only when acting pursuant to state government authority.  42 U.S.C. § 1983.

-7-

Nevertheless, there are situations where private conduct has to comply with the Constitution. Non-governmental individuals or entities may be liable for constitutional violations if, for instance, they are deemed to have acted under color of state law. See, e.g., Dennis v. Sparks, 449 U.S. 24, 27 & n.4 (1980).

Here, Wright sues a business organization and an individual whose only possible connection to the State is the WPLLC property that they own or manage which receives government subsidies. But state or federal funding of a private entity, "no matter how extensive, is insufficient to transform otherwise private conduct into state action." Young v. Halle Hous. Assocs., L.P., 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001). Because the complaint does not allege enough facts to show that the State is responsible for defendants' conduct, the First Amendment and due process claims are dismissed.

## D.    Contract Claims

The third and fourth claims in the complaint seek, in substance, a declaratory judgment that ¶ 51 of the lease permits Wright to pay his rent after the first day of each month. Because jurisdiction in this case is not based on diversity, this Court has jurisdiction over the contract claims only if there is supplemental jurisdiction. See 28 U.S.C. § 1367(a).

Here, I decline to exercise supplemental jurisdiction over Wright's state law claims, as I am dismissing all federal claims well before trial and there is thus no basis for federal

jurisdiction.  <u>Castellano v. Bd. of Trs. of Police Officers'</u>
<u>Variable Supplements Fund</u>, 937 F.2d 752, 758 (2d Cir. 1991)
("Certainly, if the federal claims are dismissed before trial,
even though not insubstantial in a jurisdictional sense, the
state claims should be dismissed as well." (quoting <u>United Mine</u>
<u>Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966))).  Accordingly, the
claims for declaratory judgment are dismissed.

**CONCLUSION**

        For the reasons set forth above, the complaint is
dismissed, with prejudice and without costs.    The Clerk of Court
is directed to close this case.

        SO ORDERED.

Dated:    New York, New York
          April 2, 2008

                                    DENNY CHIN
                                    United States District Judge